**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**KAREN DAVIS and JOHN DAVIS**                                                    **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO.1:06CV914 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**                           **DEFENDANT**

## MEMORANDUM OPINION

The Court has before it the motion of Plaintiffs Karen and John Davis to remand this action to the Chancery Court of Harrison County, Mississippi. For the reasons set out below, the motion to remand will be granted.

Plaintiffs brought this action for discovery seeking the disclosure of information concerning their claim for property damage sustained during Hurricane Katrina. Plaintiffs are the named insureds under a policy issued by Nationwide Mutual Fire Insurance Company (Nationwide). Plaintiffs have alleged that Nationwide has refused their requests for information concerning the processing, evaluation, and adjustment of their claim under the Nationwide policy. The state court complaint seeks discovery only, and asks for no other affirmative relief.

Nationwide has removed this action on grounds of diversity of citizenship under 28 U.S.C. §1332. Plaintiffs have moved to remand the case on the grounds that their complaint for discovery is not a removable "civil action."

The party seeking removal has the burden of establishing proper subject matter jurisdiction in the federal district court. *Nelon v. Mitchell Energy Corp.*, 941 F.Supp 73 (N.D.Tex.1996).

Mississippi procedural law allows the relief the plaintiffs are seeking and authorizes the procedure plaintiffs are attempting to follow. See *Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC*, 864 So.2d 939 (Miss.2004).

I am of the opinion that this action, in its present posture, does not constitute a removable "civil action." *Mayfield-George v. Texas Rehabilitation Com'n*, 197 F.R.D. 280 (N.D.Tex.2000); *In re Hinote*, 179 F.R.D. 335 (S.D.Ala.1998). Plaintiff is seeking only the discovery of information unavailable from any source other than Defendant Nationwide. There is no evidence that the jurisdictional minimum necessary to support diversity jurisdiction is currently in controversy.

In my opinion, this Court does not have subject matter jurisdiction over this action seeking only the disclosure of information pursuant to Mississippi's procedural law and making no current monetary demand or claim for other relief.  Accordingly, I will grant the motion to remand.

I am not unmindful of Nationwide's concern that the lapse of time may bring this case within the ambit of the one-year time limitation embodied in 28 U.S.C.A. §1446.  As Nationwide points out, however, if this case is remanded for the reason that it does not qualify as a civil action for purposes of removal, the one-year time limit of 28 U.S.C.A. §1446 may not commence until it does so qualify.  This is an issue that is not before me, and I express no opinion on this point of law.  However, this Court has ample power to construe and apply the removal statutes in a way that does not unfairly deprive the parties of their rights under those provisions of law.

Of course, since this is an action for discovery only, the state court has authority to address any objections Nationwide may present concerning the scope of the plaintiffs' discovery requests, and the production of the information the plaintiffs have requested may lead to the dismissal of this action in the state court.  In all events, the disclosures made and the information furnished by Nationwide in the state court proceeding will likely speed the litigation process necessary to reach the ultimate resolution of the plaintiffs' claims, if any, under their Nationwide policy.  Any discovery accomplished in the state court proceeding would likely shorten the time necessary to fully litigate these claims, regardless of the forum in which the claims are ultimately presented and resolved.

An appropriate order will be entered.

Decided this the 18th day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge